IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON SHEPPARD, | Civil Action No. 15-1402 |
| | Judge David S. Cercone/ |
| Plaintiff, | Chief Magistrate Judge Maureen P. Kelly |
| v. | |
| MAURICE B. COHILL, JR., | ECF No. 6. |
| Defendant. | |

# REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is recommended that the Complaint for mandamus directed against the Honorable Maurice B. Cohill of this Court be transferred to the United States Court of Appeals for the Third Circuit prior to the Complaint for mandamus being served.

## II. REPORT

Jason Sheppard ("Plaintiff"), is a federal prisoner who is currently incarcerated at the Allegheny County Jail. Plaintiff has sent to this Court a "Complaint For A Writ of Mandamus" (the "Complaint") requesting the court to issue a writ of mandamus to the Honorable Maurice B. Cohill, the United States District Judge on this Court who presided over one of Plaintiff's criminal proceedings in this Court. U.S.A. v. Sheppard, No. 2:10-cr-119 (W.D. Pa.). In the Complaint, Plaintiff complains that his trial counsel had a conflict of interest and that his trial counsel was in a conspiracy with the federal prosecutor to have a witness against Plaintiff gain favorable treatment in her state court criminal case in exchange for her testimony against Plaintiff in his federal criminal proceedings. Plaintiff complains that Judge Cohill owed Plaintiff

1

a duty to investigate these allegations and/or to refer these claims of a conspiracy to a federal grand jury. ECF No. 1-1, ¶¶ 2 – 3. By way of relief, Plaintiff seeks an order directing Judge Cohill to "do his duty and refer this matter to a grand jury for a complete investigation into the violations of the Plaintiff's Fifth and Sixth Amendment rights." Id. at 5.

Pursuant this Court's inherent power to control its own dockets,[1] and/or 28 U.S.C. § 1631,[2] the Court recommends that this Complaint be transferred to the United States Court of Appeals for the Third Circuit. To the extent that this is a proper mandamus Complaint, the Complaint should be transferred to the Court of Appeals for the Third Circuit. See e.g., Madden v. Myers, 102 F.3d at 74, 77 n.3 (3d Cir. 1996) ("A writ of mandamus has traditionally been available to a court of appeals only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'"), *superseded on other grounds by 3d Cir. L.A.R. 24.1(c) (1997), as stated in*, In re Bell, 588 F. App'x 99, 99 (3d Cir. 2014). This Court does not have the authority to issue a writ of mandamus to a judge of co-equal jurisdiction who sits on this Court and, therefore, it is only proper to transfer the case to the United States Court of Appeals for the Third Circuit. 55 C.J.S. Mandamus § 333 ("Where duties are imposed on a judge of a court as an officer, another judge

---

[1] See e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 46-47 (1991)(court's inherent power is not displaced by statutes); Stafford v. United States, 208 F.3d 1177, 1179 (10th Cir. 2000) ("we should impose the following filing restrictions using our inherent power to regulate federal dockets, promote judicial efficiency, and deter frivolous filings").

[2] Section 1631 provides that

Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

of coordinate jurisdiction and authority lacks jurisdiction to issue mandamus to compel performance of those duties, as the writ issues only from a superior to an inferior court.") (footnote omitted).

III. **CONCLUSION**

Accordingly, for the foregoing reasons, the instant Complaint should be transferred to the United States Court of Appeals for the Third Circuit.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

/s/Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

Date: January 7, 2016

cc: The Honorable David S. Cercone
United States District Judge

JASON SHEPPARD
155709
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA 15219